**MURRAY FIRST THRIFT AND LOAN COMPANY, Plaintiff and Respondent,**

v.

**Dwayne STEVENSON and Carolyn Stevenson, his wife, Defendants and Appellants.**

**No. 13820.**

Supreme Court of Utah.

April 16, 1975.

---

Steven F. Lowe of Stringham, Follett & Larsen, Salt Lake City, for defendants and appellants.

Robert D. Merrill of VanCott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The plaintiff brought an action against the defendants (title owners) for declaratory judgment, praying that it be entitled to protect its security interest in and to certain real property by reason of an assignment from the purchasers (Coopers) under a conditional real estate sales contract. There being no disputed issues of fact, the trial court granted summary judgment to the plaintiff, and the defendants appeal.

The Stevensons owned real property and sold it to the Coopers under a uniform real estate contract which contained a promise by the Coopers not to assign the contract without the written permission of the Stevensons. There was no provision for forfeiture in case the Coopers did assign without permission.

The Coopers needed money and borrowed it from the plaintiff herein, giving as security therefor an assignment of their real estate contract with the Stevensons. Stevensons never consented in writing to this assignment. Coopers thereafter went into bankruptcy. The trustee disclaimed, and the plaintiff tendered the full amount

due and owing under the contract and demanded a deed to the realty. The Stevensons refused on the grounds that the plaintiff had no interest in or to the realty for the reason that the assignment was void and of no force and effect since they had not consented to the assignment.

■ Since there was no provision for forfeiture for assigning the contract, the assignment is merely a breach which might render the purchaser liable for damages, if any, which might be occasioned the sellers. It would not cause a forfeiture of the contract.[1] The plaintiff tendered to the sellers the balance due and owing, and so there can be no damages sustained by reason of the assignment.

■ There is another reason why the sellers cannot refuse to convey title to the property, to wit: The assignment in the instant matter was not an assignment as contemplated in the contract whereby the purchasers undertake to get somebody else to take over the obligation of making the payments. It was an assignment of their equity in the contract as security only for the loan which they were getting from the plaintiff herein. There is ample authority to sustain the foregoing proposition.[2]

In the case of Inter-Southern Life Ins. Co. v. Humphrey[3] the insurance company had a provision in its contract with its agents that "No assignment of commissions accruing hereunder shall be valid unless authorized in writing by the company in advance." Two agents of the company gave a note to Humphrey for a debt due and made an assignment of their commissions as collateral security therefor. The debt was not paid, and Humphrey sued on the assignment. The insurance company demurred on the ground that it did not authorize the assignment and that the assignment was therefore void. The trial court overruled the demurrer, and the Supreme Court affirmed, saying:

We think undoubtedly the assignment here was collateral security. The assignee took no rights under the assignment other than to collect the renewal commissions and hold the same as collateral to secure the payment of the note.

. . .

\* \* \* \* \* \*

However, we rest the decision in this case upon the ground that there is a clear distinction between an unconditional assignment and a collateral assignment, and that the prohibition in the contract against assignment does not contemplate a collateral assignment, but means that only a complete assignment by the owner of his whole interest in the property right shall be invalid.

In Chapman v. Great Western Gypsum Co.,[4] the court held that a mortgage given on a lease was not in violation of a provision prohibiting an assignment.

In the case of Coraci v. Noack[5] the court said:

This non-assignability provision in a land contract is for the benefit of the vendor to safeguard performance, and if performance is tendered the restriction becomes moot and of no consequence.

. . . A forfeiture provision inserted merely for security for payment may be excused upon tender of payment, said provision being purely collateral for the payment of money. Thus, the courts have ruled that an assignee of the purchaser of a land contract may commence an action in strict performance under said land contract upon the tendering of the principal and interest due under said contract despite the presence of a non-assignment clause in the land contract.

The trial court in this matter held that the assignment was valid and that it would be inequitable to permit the Stevensons to gain by forfeiting the interest of the Coopers. It gave three alternatives to the Ste-

1. 55 Am.Jur., Vendor and Purchaser, sec. 432.

2. 55 Am.Jur., Vendor and Purchaser, sec. 433.

3. 122 Miss. 579, 84 So. 625 (1919).

4. 216 Cal. 420, 14 P.2d 758 (1932).

5. 61 Wis.2d 183, 212 N.W.2d 164 (1973).

vensons, viz.: (A) To pay plaintiff within 30 days the amount of the loan owing by the Coopers. (B) To pay plaintiff the amount due and owing by the Coopers pursuant to the terms of the Cooper note. (C) If they do not elect one of the two options above, then the plaintiff is to acquire the status and position of the Coopers.

This case does not settle the rights, if any, which may remain in the Coopers, as they were not made parties hereto; but as between the plaintiff and the defendants we think the judgment rendered was proper, and it is hereby affirmed. Costs are awarded to the respondent.

CROCKETT, TUCKETT and NAUGHAN, JJ., concur.

HENRIOD, C. J., does not participate herein.